PLACER COUNTY COUNSEL'S OFFICE
Julia M. Reeves (SBN 241198)
175 Fulweiler Avenue
Auburn, California 95603
Telephone:    (530) 889-4044
Facsimile:    (530) 889-4069

Attorneys for Defendants COUNTY OF PLACER
WILLIAM LUKENBILL and BRANDON LUKENBILL

Darrell J. York, Esq. (SBN 145601)
Sarah L. Garvey, Esq. (SBN 202491)
YORK & GARVEY
137 N. Larchmont Blvd., #506
Los Angeles, CA 90004
Telephone:    (866) 908-2121
Telecopier:   (877) 221-3306
Email: djylaw@gmail.com
       sarahgarvey@yahoo.com

Attorneys for Plaintiff NANA D. YEBOAH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANA D. YEBOAH,<br><br>    Plaintiff,<br><br> v.<br><br>COUNTY OF PLACER; WILLIAM LUKENBILL; BRANDON LUKENBILL; and DOES 1-10; inclusive,<br><br>    Defendants. | No.  2:17-cv-02449 MCE DB<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

  IT IS HEREBY STIPULATED by, among and between the parties to the above-captioned action through their counsel of record, that the documents described herein may be designated as "Confidential" and produced subject to the following Protective Order:

1

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1. Categories of documents described as follows:

    (a) Medical treatment and assessment records of Nana D. Yeboah ("Yeboah");

    (b) Mental health treatment and assessment records of Yeboah;

    (c) Personnel records for any officer employed or previously employed by the Placer County Sheriff's Office to include the following information:

        (1) employment applications;

        (2) evaluations;

        (3) personnel action forms;

        (4) employment verification forms;

        (5) pay information, including rates, time sheets and income;

        (6) next of kin notifications, including third party contact information.

    (d) Sensitive records implicating Jail safety and/or security.

    (e) Internal Affairs Investigations.

2. The portions designated as Confidential contain information that is not available to the public and are the types of records and information which any party has a privacy interest in.

3. A Court approved protective order is appropriate pursuant to Local Rule 141.1 because there are likely certain relevant documents that contain private information regarding: Yeboah's medical treatment and mental health; private information contained in officer personnel files; Jail safety and/or security; internal affairs investigations.

4. The disclosed documents shall be used solely in connection with the civil action of Nana D. Yeboah v. County of Placer, et al Case No. 2:17-cv-02449-MCE-DB and in the preparation and trial of the case, or any related proceeding. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

5. A party may only designate as "Confidential" a document which it has determined in good faith to be: (a) confidential or potentially invasive of an individual's privacy interests or of Jail safety and/or security; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, such that third parties would be required to

maintain the information in confidence.  By designating a document or portion thereof as "Confidential," the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Federal Rule of Civil Procedure 26 and Eastern District of California Local Rule 141.1.

6. A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labeling them "Confidential" provided that such marking does not obscure or obliterate the content of any record.  If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

8. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

   (a) All counsel of record and attorneys in the offices of counsel for any of the Defendants in this action;

   (b) All counsel of record, and attorneys in the offices of counsel for Plaintiff in this action; and any other attorneys who may be consulted in connection with this case;

   (c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

    (d)  Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

    (e)  Any expert, consultant, or investigator retained (or who is consulted to be retained) in connection with this action;

    (f)  The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

    (g)  Witnesses during their depositions in this action;

    (h)  Those personnel employed by copy services and exhibit production service companies that may be hired by the parties' counsel to duplicate documents and/or to prepare trial exhibits in this action;

    (i)  Any mediator or settlement officer utilized in this action; and,

    (j)  The parties to this action.

  9.  Prior to the disclosure of any Confidential information to any person identified herein, each such recipient of Confidential information shall be provided with a copy of this Stipulated Confidentiality Agreement and Protective Order, which he or she shall read.  Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in <u>Nana D. Yeboah v. County of Placer, et al</u> Case No. 2:17-cv-02449-MCE-DB and shall abide by its terms.  I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

  10.  The following procedures shall be utilized by the parties making copies of documents designated as "Confidential":

    (a)  The producing party shall provide one copy of the Confidential documents to the receiving party.

///

///

(b) The receiving party shall not furnish, disclose, or otherwise divulge any Confidential documents to any source, except those persons identified herein, without further order of the Court or authorization from counsel for the producing party.

(c) If any document designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter will be directed to bind those portions of the transcript that contain discussion of the contents of the Confidential documents separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated Confidential, including exhibits designated as "Confidential," will be marked: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

11. Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the documents under this Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No document shall lose its Confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

12. The Confidential Material produced pursuant to this Order will be redacted with respect to any purely confidential identifying personal and family information.

13. If Plaintiff or Defendants intend to use Confidential Material in a Court filing, at least seven (7) days' notice shall be given to all parties identifying the Confidential Material that the party intends to utilize. In the event that a party believes that the Confidential Material intended to be used should be filed under seal, then it shall be the burden of the party desiring that the material be filed under seal to make that request to the Court. Plaintiff and Defendants shall comply with the requirements of Eastern District Local Rule 141. The Parties agree a request to file under seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference under the applicable sealing standard.

14. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding it shall not lose its confidential status through such use. If any Confidential Material is used in a deposition then arrangements shall be made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

15. This order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

16. Nothing in this Order shall in and of itself require disclosure of information. Nothing in this Order shall prevent the parties from asserting objections to production of any materials or arguing that materials are protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

17. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

18. After the conclusion of this litigation, all Confidential documents, in whatever form stored or reproduced, will remain confidential. All documents produced pursuant to this Protective Order shall be destroyed or return to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or

returned to counsel for the producing party.  "Conclusion" of this litigation means a termination of the action following a trial (any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

IT IS SO STIPULATED.

Respectfully submitted,

DATED:  January 17, 2018       PLACER COUNTY COUNSEL'S OFFICE

By:  */s/ Julia M. Reeves*
Julia M. Reeves, Attorney for Defendants COUNTY OF PLACER, WILLIAM LUKENBILL, and BRANDON LUKENBILL

DATED:  January 17, 2018       LAW OFFICES OF YORK & GARVEY

By:  */s/ Sarah L. Garvey* (as authorized on 1/17/18)
Sarah L. Garvey, Attorneys for Plaintiff

IT IS SO ORDERED.

Dated:  January 22, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE